IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2019 OCT 21  PM 3: 08
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR322 |
| vs. | INDICTMENT<br>18 USC § 1343<br>18 USC § 1344 |
| CRAIG A. HARBAUGH, | |
| Defendant. | |

The Grand Jury charges that:

## COUNT I - XIII

1. Between on or about October 21, 2014, and October 21, 2019 in the District of Nebraska and elsewhere, CRAIG A. HARBAUGH, defendant herein, devised and intended to devise a scheme to defraud Great Western Bank and Victims One through Six, known to the grand jury, and to obtain money and property by mean of materially false and fraudulent pretenses, representations and promises.

2. At all times relevant for Count I, CRAIG A. HARBAUGH was a deputy with the Fremont County Sheriff's Office and the sole owner, operator, and corporate officer of Tactical Solutions Gear, LLC (hereinafter TSG). TSG was a federal firearms licensee with a retail location in Dodge County, Nebraska. CRAIG A. HARBAUGH, through TSG, attempted to contract with governmental and commercial entities for wholesale purchases of firearms, ammunition, and other tactical equipment commonly used for law enforcement and military purposes.

3. CRAIG A HARBAUGH obtained financing for the purported contracts with governmental and commercial entities by soliciting individual investors and by seeking lines of credit with Great Western Bank. The defendant would provide documents and photographs to

the victims and the bank of his alleged contracts for large purchases of his inventory in order to obtain the money and financing.

4. It was part of the scheme that CRAIG A. HARBAUGH would falsify the documents and photographs that he submitted to Victims One through Six and Great Western Bank to convince the victims that the defendant and TSG actually had contracts and agreements with governmental and commercial entities for wholesale orders of firearms, ammunition, and/or tactical gear. The defendant transmitted many of these fake and fraudulent contracts, purchase orders, and invoices by email communication to the victims.

5. It was part of the scheme that CRAIG A. HARBAUGH would promise a return of investment to the victims in promissory notes executed with the victims, and when the promissory notes would come due the defendant would transmit false statements to the victims via text message communication that the victims were about to receive the money that was owed to them. The defendant knew when he sent the text messages to the victims that the defendant did not have the money to pay the victims back on their investments.

6. It was part of the scheme that CRAIG A. HARBAUGH made false statements to the Victims claiming that TSG had secured seven figure contracts with the Nebraska State Patrol for tactical gear and an eight figure contract with a Department of Defense contractor for the sale of $10,438,000.00 of "FLIR Thermal Clip on Sights." The defendant then knew that the defendant and TSG did not have these contracts and agreements in place with the Nebraska State Patrol and the alleged Department of Defense contractor.

7. As a result of the scheme and artifice to defraud alleged herein, Victim 1 and 2 suffered approximately $4,599,506 in losses; Victim 3 suffered approximately $1,270,000 in losses; Victim 4 suffered approximately $112,000 in losses; Victim 5 suffered approximately $65,000 in losses; Victim 6 suffered approximately $40,000 in losses, and Great Western Bank

suffered approximately $4,892,708 in losses, for an approximate total loss to all victims of $10,979,214. CRAIG A. HARBAUGH used electronic wire communications to make false statements to victims to induce them to engage in financial transactions. These wire communications containing materially false statement and misrepresentations and used to obtain money and property of Victims 1 through 6 and Great Western Bank could not be completed successfully without the wires traveling in interstate commerce.

7. On or about each of the dates set forth below, in the District of Nebraska and elsewhere, CRAIG A. HARBAUGH, defendant herein, for the purpose of executing the scheme described above and attempting to do so, reincorporated here by reference, caused to be transmitted by means of wire communications, in interstate and foreign commerce, the signals and sounds described below for each count, each transmission constituting a separate count:

|  | Date of Wire | Victim | Loan or Investment Amount | Wire Communication |
| --- | --- | --- | --- | --- |
| Count I | March 26, 2018 | Great Western Bank | $1,512,525 | Submission of False Document with TSG and Werner Enterprises |
| Count II | October 12, 2018 | Great Western Bank | $403,750 | Submission of False Document with TSG and Kansas City Police Department |
| Count III | November 15, 2018 | Great Western Bank | $476,450 | Submission of False Document with TSG and Greene County Sheriff's Office |
| Count IV | December 3, 2018 | Great Western Bank | $388,000 | Submission of False Document with TSG and Hamilton County, Tennessee |
| Count V | December 20, 2018 | Great Western Bank | $431,800 | Submission of False Document with TSG and Wyoming Highway Patrol |
| Count VI | May 23, 2019 | Victim 1 and Victim 2 | $1,918,639 | Submission of False Document with TSG and Redlock Solutions |

| Count VII | August 13, 2019 | Victim 1 and Victim 2 | "Roll over" | Submission of False Document with TSG and Redlock Solutions |
|---|---|---|---|---|
| Count VIII | May 19, 2019 | Victim 3 | $400,000 | Note attached to email. Promises return of $440,000 |
| Count IX | May 19, 2019 | Victim 3 | $900,000 | Note attached to email. Promises return of $1,071,000 |
| Count X | July 19, 2019 | Victim 3 | Approximately $1,200,000 | Defendant text communication: "I just don't want any issues with you or your family. Really sorry. This won't be an issue when the other check comes in." |
| Count XI | July 20, 2019 | Victim 3 | | Victim 3: "Thanks a lot for loosening all of are retirement money $1,344,000 you just kept taking are money…." Defendant Text Response: "I did not lose your money I filed [bankruptcy] for me and that has nothing to do with what we had. I swear that your money is good. I did not lose it. You will have it on Monday." |
| Count XII | July 22, 2019 | Victim 3 | | Defendant text communication: "Just wanted to give you an update. Since there was an 8 day hold on the funds I canceled the cashiers check. The money will go back into my account and then I will personally pick up a cashiers check like I did on Friday. I will hopefully pick it up Wed and bring it over and we will be all clear…." |
| Count XIII | May 22, 2019 | Victim 4 | $200,000 | Note attached to email. Promises return of $220,000 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count XIV

On or about March 26, 2018, CRAIG A. HARBAUGH, defendant herein, in the District of Nebraska and elsewhere, did knowingly execute and attempt to execute a scheme and artifice, as alleged in Count I, to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody and control of Great Western Bank, a federally insured financial institution, by means of false and fraudulent pretenses, representations and promises.

In violation of Title 18, United States Code, Section 1344(2).

### Count XV

On or about December 20, 2018, CRAIG A. HARBAUGH, defendant herein, in the District of Nebraska and elsewhere, did knowingly execute and attempt to execute a scheme and artifice, as alleged in Count V, to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody and control of Great Western Bank, a federally insured financial institution, by means of false and fraudulent pretenses, representations and promises.

In violation of Title 18, United States Code, Section 1344(2).

A TRUE BILL.

FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

LESLEY WOODS, TX #24092092
Assistant U.S. Attorney